UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOEY MONTRELL CHANDLER                                                 PETITIONER

V.                                                      CIVIL ACTION NO.1:08CV93-SA-JAD

CHRISTOPHER EPPS, et al.                                          RESPONDENTS

## REPORT AND RECOMMENDATION

The petitioner has filed a timely petition for habeas corpus in this court. All but one of the claims he makes in this court are not exhausted. The respondents have filed a motion to dismiss (Doc. 5) or alternatively to require the petitioner to amend his complaint to remove the unexhausted grounds. Dismissal at this juncture will be with prejudice because the federal period of limitations has now run.

In response the petitioner has filed a motion to stay the proceedings (Doc. 7). He has represented to the court that his father retained an attorney to pursue state post-conviction remedies in 2007. Chandler did not understand until February of 2008, that though he had three years to pursue state habeas relief, he only had one year to file for federal habeas relief. With this new information a new attorney was retained to pursue the state remedies. Chandler received a visit from the attorney's offices and assurances that the state motions would be timely filed. Chandler filed in this court to preserve his rights when this attorney failed to file his state petition. Chandler apparently still believing that this attorney will file the state petition, has yet to file in the state courts.

On the record before the court it appears that Chandler has attempted to comply with the requirements to exhaust his state remedies and has received clearly inadequate assistance from his retained attorney. While he has no constitutional right to the assistance of counsel in post conviction

proceedings, effective or not, his reliance on counsel to pursue his state remedies should constitute good cause for the issuance of a stay. *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). The petitioner should however immediately file for relief *pro se* with the Mississippi Supreme Court. Further reliance on retained counsel is not reasonable.

The undersigned recommends that the motion to dismiss be denied (Doc. 5) and the motion to stay be granted for a period of ninety days (Doc. 7).

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

SO ORDERED this the 12th day of August, 2008.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE