UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOEY MONTRELL CHANDLER                                             PETITIONER

V.                                             CIVIL ACTION NO.1:08CV93-SA-JAD

CHRISTOPHER EPPS, et al.                                          RESPONDENTS

## REPORT AND RECOMMENDATION

The petitioner has filed a motion for partial summary judgment asserting one of the grounds upon which he seeks relief in his original habeas petition (Doc.38). Petitioner asserts in his motion that his trial and appellate counsel were both ineffective for failing to seek dismissal of the murder charge against him based upon the violation of his speedy trial rights.

According to the petitioner there was delay from October of 2003, when he was indicted until January, 2005, when he was tried for murder. He asserts that there are no orders of continuance and no explanation in the record for this delay. He claims the murder charge would have been dismissed in the trial court or on appeal if the issue had been raised.

The respondents have referred the court back to their response to the petition. The response to the petition includes four orders of continuance. Chandler was indicted two months after the murder. On January 12, 2004, an order of continuance was entered due to counsel's medical needs. Because of ongoing investigation on both sides, a second order of continuance was entered on April 7, 2004. On October 11, 2004, an agreed order of continuance was entered due to ongoing discovery and a trial setting conflict by the Assistant District Attorney. On October 5, 2004, the final order continuance was entered resetting the trial for January, 2005. This order of continuance was necessitated by late discovery from the defense to the state and was an agreed order. The petitioner's affidavit is contradicted by the record. He is not entitled to partial summary judgment.

Though the federal courts do not function as a super appellate courts over the state courts in their consideration of habeas petitions, *Smith v. Phillips*, 455 U.S. 209, 221, 102 S.Ct. 940, 948, 71 L.Ed.2d 78 (1981), they nevertheless, like an appellate court, normally act upon the state court record. The federal courts certainly do not act as trial courts and may only in limited circumstances even hold evidentiary hearings. 28 U.S.C. § 2254(e)(2). In the normal course of handling a habeas petition the pleadings, briefs, any submitted affidavits and state court records will be reviewed . A decision will be rendered on the petition in due course. It is therefore unnecessary and inappropriate to file a motion for summary judgment in a federal habeas proceeding even if some or all of the facts are undisputed.

The undersigned recommends that the petitioner's motion for partial summary judgment be denied.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the

dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 20th day of April, 2009.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE